UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SELWYN LAMAR TALLEY,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>CITY OF NORTH LAS VEGAS, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01115-ART-BNW<br><br>ORDER<br>(ECF No. 8) |

Plaintiff Selwyn LaMar Talley sued the City of North Las Vegas, Chief of Police Pamela Ojeda, Detective Lieutenant Carolyn White, Marisa Rodriguez, and Katheryne Gaspardi in their official and individual capacities for employment discrimination under 42 U.S.C §§ 1981, 1983, Title VII of the Civil Rights Act, NRS 613.330 and 613.440, state defamation law, conspiracy, and whistleblower retaliation after Plaintiff was demoted from his position as a police officer with the North Las Vegas Police Department. The Court held a hearing adjudicating Defendants' motion to dismiss in August 2023 in which the Court ruled from the bench. (ECF No. 49.) Both parties moved for entry of a written order on the motion.

I.　**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff worked as a police officer with the North Las Vegas Police Department for several years. In 2016, Plaintiff was appointed to the position of domestic violence liaison officer for the City Attorney. Two years later, Defendant Ojeda and Defendant White were promoted to supervisory positions over Plaintiff. Plaintiff alleges that Defendant White assigned Plaintiff a substantially higher caseload than other officers. Plaintiff alleges that Defendants monitored his computer, represented to the city attorney that Plaintiff had a DUI, and that Defendant Gaspardi restricted Plaintiff's access to reports that showed that

Plaintiff had identified and recommended stricter punishments on dangerous suspects who went to commit serious crimes. On June 4, 2020, Defendant Gaspardi told Plaintiff that he was demoted from the City Attorney's office to patrol, a demotion which carried a pay reduction of eight percent. Plaintiff learned later that the Department had replaced him with a white officer. One week later, Plaintiff filed notice to retire and receive his badges and concealed carry permit for retired police officers. Defendant Chief Ojeda denied Plaintiff's request.

A few weeks later, Plaintiff sought reinstatement. Human Resources rejected his request. According to Plaintiff, Defendant Chief Ojeda started rumors that Plaintiff had not properly followed procedures to retire from the Department and taken property, namely badges, from the Department that he was not entitled to take.

Plaintiff filed a charge with the EEOC on March 30, 2021, 299 days after his demotion.

## II.  LEGAL STANDARD

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of a claim's elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. ANALYSIS

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction" and possess only the power granted by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case filed in state court to federal court if a federal question is present. 28 U.S.C. § 1441. A federal district court may exercise federal question jurisdiction only when a plaintiff's claim for relief depends on application of federal law. *See id.* § 1331. Plaintiff brings federal causes of action under 42 U.S.C. §§ 1981, 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Because Plaintiff's claims for relief depend on application of federal law, and the motion to remand is denied.

### B. Motion to Dismiss Re: Capacity

Defendants seek to dismiss claims against officers in their official capacity as duplicative of Plaintiff's claim against the Department. The Court agrees. Official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent" and is "to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). Plaintiff's claims against Defendants in their official capacity may thus be dismissed as duplicative. Claims against Defendants in their individual capacity remain.

### C. Motion to Dismiss Re: Discrimination Claims

Defendants moved to dismiss Plaintiff's discrimination claims as untimely and implausible. The Court rejects both grounds.

First, the Court rejects Defendant's argument that Plaintiff's claims are time-barred. Generally, EEOC charges must be filed within 180 days of alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). In states with an anti-discrimination agency that has concurrent jurisdiction over employment

discrimination, the deadline to file with the EEOC extends to 300 days. 29 CFR § 1601.13(a)(4)(ii)(A). Nevada's Equal Rights Commission is a state anti-discrimination agency with concurrent jurisdiction over employment discrimination claims. Plaintiff filed his charge with the EEOC within 300 days of the alleged unlawful employment practice. Defendant's motion to dismiss Plaintiff's EEOC charge is therefore denied.

Additionally, the Court rejects Defendants' motion to dismiss conduct alleged to have occurred more than 300 days before Plaintiff's EEOC charge. To timely file a Title VII hostile work environment claim, "the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002); *see, e.g., Davis v. California Dep't of Corr. & Rehab.*, 484 F. App'x 124, 130 (9th Cir. 2012). Plaintiff may allege discriminatory conduct from before the 300-day statute of limitations period that together with conduct within the 300-day practice forms one part of a whole unlawful employment practice. These allegations survive the motion to dismiss.

Next, the Court dismisses Plaintiff's § 1981 claim, with leave to refile as a § 1983 claim. "A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023). The Court thus dismisses Plaintiff's § 1981 claim with leave to refile it as a § 1983 claim enforcing Plaintiff's rights under § 1981.

Next, the Court rejects Defendants' argument that Plaintiff has failed to state a *Monell* claim against the city. To make a *Monell* claim, Plaintiff must show "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (citing *Dougherty v. City*

*of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)). Alternatively, "a municipality can be liable for an isolated constitutional violation when the person causing the violation has 'final policymaking authority.'" *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). In a complaint filed by a *pro se* civil rights plaintiff, the Court construes the pleadings liberally affords the petitioner the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff alleges deprivation of a constitutional right, that his disparate treatment was part of a policy and practice of the municipality, and while he does not mention a final policy maker, the Court will construe Plaintiff's *pro se* complaint liberally and permit the *Monell* claim to survive the Motion to Dismiss.

### D. Motion to Dismiss Re: Defamation Claims

Defendants moved to dismiss Plaintiff's defamation claims on various grounds, including that EEOC charges are privileged, that Defendant Ojeda's claim that Plaintiff did not turn in his HR-218 form is not defamatory, and that Plaintiff failed to allege defamation with specificity. The Court grants the motion to dismiss on Plaintiff's defamation claims regarding EEOC charges and rejects it on the remaining two grounds.

Statements that are part of an EEOC investigation are confidential. 42 U.S.C. § 2000e–5(b). If neither the EEOC nor the defaming party publishes them, they are not actionable for defamation. The Court grants Defendants' motion to dismiss these claims.

The Court rejects Defendants' arguments that Defendant Ojeda's claim that Plaintiff failed to turn in his HR-218 form is not defamatory and that Plaintiff failed to specifically allege defamatory statements. Plaintiff's claim regarding the HR-218 form is interrelated with other factual issues, including Plaintiff's allegation that Defendant Ojeda claimed to refuse to authorize the form because of the allegedly false claim that Plaintiff had a DUI. The Court denies the Motion to Dismiss Plaintiff's defamation, false light, and libel claims outside of those

made in response to Plaintiff's EEOC charge.

### E. Motion to Dismiss Re: Marisa Rodriguez

The Court agrees with Defendants' motion to dismiss Defendant Rodriguez because Plaintiff fails to allege specific involvement in his claims. Plaintiff claims Defendant Rodriguez drafted the city's response to his EEOC charge and that he sent Defendant Rodriguez records requests. These are insufficient bases to sue Defendant Rodriguez. The response to the EEOC charge was privileged. Plaintiff alleges no facts that connect the records requests to Plaintiff's claims. The Court dismisses Defendant Rodriguez without prejudice and with leave to amend.

### F. Intentional Infliction of Emotional Distress

The Court agrees with Defendants' argument to dismiss Plaintiff's Intentional Infliction of Emotional Distress (IIED) claim. IIED requires showing "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 92 (1981). Plaintiff has failed to plead truly outrageous conduct or his own physical manifestations of severe emotional distress. This claim is dismissed without prejudice and with leave to amend.

### G. Conspiracy

The Court rejects Defendants' argument to dismiss Plaintiff's conspiracy claim as barred by the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine states that "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153, 137 S. Ct. 1843, 1867, 198 L. Ed. 2d 290 (2017) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769–771 (1984)). Plaintiff alleges that Defendants conspired to deprive Plaintiff of his civil rights by withholding his HR-218 certification under false pretenses and preventing him from obtaining records. This conduct is not

1  part of the City of North Las Vegas's lawful business. The intracorporate
2  conspiracy doctrine does not bar Plaintiff's claim at this stage.

### H. Whistleblower Retaliation

The Court rejects Defendants' argument to dismiss Plaintiff's whistleblower retaliation claim in part and grants it in part. Title VII permits Plaintiffs to sue employers who commit unlawful employment practices on account of an employee reporting violations to the EEOC. 42 U.S.C. § 2000e-3(a). NRS 613.340 permits a retaliation causes of action that tracks this federal cause of action. *Pope v. Motel 6*, 114 P.3d 277, 281 (2005). Plaintiff's allegations that his demotion was the result of whistleblowing may not proceed because Plaintiff did not allege any whistleblowing prior to his demotion. Plaintiff's allegation that his demotion were the result of him disagreeing about charges to file against a specific burglary suspect are likewise not actionable because Plaintiff did not whistleblow to an outside entity. Plaintiff's argument that the City refused to reinstate him and issue him the HR-218 form because he filed an EEOC charge is a cognizable whistleblowing claim, and this claim alone may proceed.

### IV. CONCLUSION

Plaintiff's motion to remand (ECF No. 19) is denied.

Defendants' motion to dismiss (ECF No. 8) is granted in part and denied in part.

The claims against the individual defendants in their official capacities are dismissed with prejudice.

Plaintiff's § 1981 claim is dismissed with prejudice and leave to amend to allege as a § 1983 claim.

The claims against Defendant Rodriguez are dismissed with leave to amend.

Plaintiff's defamation, false light, and libel claims are dismissed with respect to privileged statements made in the context of responding to the EEOC

7

charge.

Plaintiff's intentional infliction of emotional distress claim is dismissed with leave to amend.

The motion to dismiss is denied in all other respects.

DATED THIS 22nd day of October 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE